UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-22784-KING

THE PROMENADE PLAZA PARTNERSHIP,
a Florida partnership,

    Plaintiff,

v.

CENTIMARK CORP., a foreign corporation,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE THE OPINIONS OF PLAINTIFF'S ROOFING EXPERT

THIS CAUSE comes before the Court upon Defendant Centimark's *Daubert* Motion to Strike the Opinions of Plaintiff's Roofing Expert, John L. Brown (DE 37). This action concerns a roof system that Centimark installed over Promenade's shopping center in 2005 and 2006. Promenade brought this action for damages alleging various defects in the roof system that were "proximately caused by the improper construction and/or failure of the Roof System," as well as the use of improper materials. Promenade also contends that certain repairs Centimark performed in 2012 have caused or contributed to certain roof defects.

Promenade hired a roofing expert, John Brown, who opines that "[t]he roof is experiencing product failure" caused by Centimark's improper installation, use of materials, and repairs. DE 42, at 14–24. Significantly, he opines that approximately 93% of the roof system is wet, and that "[d]ue to the failed membrane and improperly repaired core samples, open lap, two bullet holes and one puncture performed by Centimark which existed on the Centimark Roof System from 2012 to 2014, it is our opinion that the Centimark Roof System

failed sometime between 2012 and 2014 and is in need of replacement." DE 42, at 20. According to Brown's extensive CV, he is "a licensed roofing contractor with 44 years experience in all phases of commercial, industrial and residential roofing and waterproofing systems." He has been a member of, and has served on the board of directors of, numerous building and roofing professional associations. He has served as an expert witness in dozens of cases. Centimark does not dispute Brown's qualifications. Rather, Centimark moves to exclude his opinions on the grounds that they are conclusory, and without any explanation of the methodology used to reach them.

In Brown's expert report, he and an associate state that they "inspected the roof assembly and consulted with Cleary Inspection Service, Inc., a Metro Dade County approved testing laboratory, to perform a current moisture survey." DE 42, at 16. They reviewed many documents, including moisture surveys conducted in 2006 and 2012. *Id.* at 17. They also inspected the Centimark Roof System on January 8, 2014; May 7, 2014; September 5, 2014; and September 8, 2014. They were present during the moisture survey and core cuts performed by Cleary. *Id.* at 18. Brown relied on his personal inspections, the documents that he reviewed, and the Cleary Inspection Report to form his conclusions.

"The inquiry envisioned by Rule 702 . . . is a flexible one. . . . The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594–95 (1993). The Court has carefully reviewed Brown's expert report and rebuttal report. Brown's opinions as to the current condition of the roof are reliably based on his personal, visual inspections and on Cleary's moisture survey. Defendant does not seriously dispute the reliability of these methods, and indeed faults Brown chiefly for not affording due weight to other studies and

2

moisture surveys to which Centimark would have him ascribe greater credence. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (dicta) ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

The Court acknowledges that certain of Brown's causation opinions are somewhat vaguely stated, and that the question of *how* he reached these conclusions could be explained more rigorously. *See* DE 42, at 20 ("Due to the failed membrane and improperly repaired core samples . . . the Centimark Roof System failed sometime between 2012 and 2014 . . . ."). Yet Centimark has not shown that Brown's opinions are so unreliable that they should be stricken in their entirety. Accordingly, the Court denies Centimark's motion to strike without prejudice to raise appropriate objections at trial. Centimark is of course free to exploit any perceived inconsistencies or inadequacies in Brown's testimony at trial by cross-examination.

Centimark also moves to exclude ostensibly new opinions that Brown offered for the first time in his rebuttal report, contrary to Federal Rule of Civil Procedure 26(a)(2)(D)(ii). The first of Brown's ostensibly new rebuttal opinions is that "the improper slope caused the failure of the roof." DE 37, at 17. In Brown's initial expert disclosure, he states that "[t]he roof has poor slope at several locations," contrary to the Florida Building Code, which "requires positive slope to drain or materials approved for poor drainage even on re-roofs." DE 42, at 18. The Court concludes that this statement, together with Centimark's expert's discussion of slope (DE 42, at 43–44), renders Brown's causation remarks in rebuttal proper under Rule 26. The second of Brown's ostensibly new rebuttal opinions is his causally relating Centimark's alleged improper patching and the failing membrane to the failure of the

3

roof system. DE 37, at 17. Centimark's objection on these points is without merit. Brown clearly does offer these opinions in his initial report. DE 42, at 20 ("Due to the failed membrane and improperly repaired core samples . . . the Centimark Roof System failed . . . .").

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Centimark's *Daubert* Motion to Strike the Opinions of Plaintiff's Roofing Expert, John L. Brown **(DE 37)** be, and the same is, hereby **DENIED without prejudice** to raise appropriate objections at trial.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of March, 2015.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record